**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAVIER STID BAZURTO BOLIVAR,

Petitioner,

v. Case No. 3:26-cv-2700-WWB-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

# ORDER

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at Baker Correctional Facility. (*Id.*). The Petition is not a model of clarity, and it is unclear what claims Petitioner seeks to raise. He highlights his family ties to the community and the parental role he plays in his partner's daughter's life. (*Id.* at 2). He also seems to assert that ICE mistakenly arrested him. (*Id.*). As for his "Grounds for Relief," Petitioner explains he is unsure what statutory provision Respondents rely on to justify his detention and then he seemingly makes hypothetical arguments challenging the different statutes Respondents may be relying on. (*Id.* at 3). As relief, he asks, *inter alia*, that the Court determine the "detention authority" Respondents depend on to justify his custody and require them to provide him with documentary evidence. (*Id.* at 3-4).

Federal courts may grant the writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C.

§ 2241(c)(3). And the sole federal remedy and purpose of the writ of habeas corpus is for prisoners or detainees to challenge the "fact or duration" of their confinement and seek relief in the form of immediate or expedited release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, Petitioner has not alleged sufficient facts to establish a claim under § 2241. Indeed, he does not claim Respondents violated a particular constitutional right, and his allegations are conclusory in nature and devoid of any information that would allow the Court to draw reasonable inferences that Respondents violated his constitutional rights.

Also, to the extent that Petitioner challenges his arrest, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-cv-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention exist, [Petitioner] is not entitled to release even if there were flaws in his original arrest." *Id.* As a result, if Petitioner attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claim must fail. *See Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016); *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"). As such, the Petition is dismissed without prejudice to Petitioner's right to refile a petition that clearly sets forth allegations about how his detention allegedly violates the Constitution and sets forth relief that is cognizable under § 2241.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice.**

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on October 9, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C: Javier Stid Bazurto Bolivar, A220356563